UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**Constantino ESCUDERO-Perez,**<br><br>Defendant(s) | Magistrate Case No. 08 MJ 2609<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii)<br>Bringing in Illegal Aliens Without<br>Presentation |

The undersigned complainant, being duly sworn, states:

On or about **August 22, 2008**, within the Southern District of California, defendant **Constantino ESCUDERO-Perez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Mazaheri Mehrshad**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Terri L. Dimolios
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **25th** DAY OF **AUGUST 2008.**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

8/22/08

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Mehrshad MAZAHERI,** is a citizen of a country other than the United States; that said alien(s) have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 22, 2008, at approximately 1:30 A.M., Border Patrol Agent F. Estrada-Flores was conducting plain clothes duties in the Imperial Beach Border Patrol Station Area of Operations in an area known as "Seacoast" (This area is approximately five miles west of the San Ysidro, California Port of Entry and half of a mile north of the United States/Mexico International Border fence). At approximately 1:30 A.M. the west scope operator, Agent A. Molina, notified the field via the Service radio that he observed two individuals in the water walking north from the United States/Mexico International Border fence. Agent Estrada responded to the area and found two individuals north of an area known as "The River Mouth" attempting to conceal themselves in the water shoreline.

Due to the close proximity to the United States/Mexico International Boundary, and due to the fact that this area is commonly used by illegal aliens to further their illegal entry into the United States, Agent Estrada identified himself as a United States Border Patrol Agent and performed an immigration inspection. One of the subjects, later identified as **Mehrshad MAZAHERI**, freely admitted to being a citizen and national of **IRAN** illegally present in the United States. The other individual, defendant **Constantino ESCUDERO-Perez**, admitted to being a citizen and national of Mexico illegally present in the United States. During their field interview MAZAHERI admitted that defendant was guiding him into the United States. At 2:00 A.M. Agent Estrada-Flores placed both under arrest and transported them to the Imperial Beach Border Patrol Station for processing.

## STATEMENT OF DEFENDANT CONSTANTINO ESCUDERO-PEREZ:

The defendant was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. The defendant admitted to being a citizen of Mexico illegally present in the United States. The defendant stated that he knew many smugglers who guide and pick up illegal aliens in the Imperial Beach area. Whenever he illegally crosses into the United States he calls on one of his contacts to pick him up and who ever is with him. The defendant had in his possession a a cell phone containing many numbers of known alien smugglers in Tijuana, foot guides or load drivers in the United States.

On July 14, 2008 the defendant was apprehended at the Murrieta check point with three other illegal aliens. The defendant was identified by two material witnesses in that event as the foot-guide who illegally guided them into the United States. On that event, the defendant was apprehended with a known load driver known as "Martha". When asked about "Martha", the defendant stated that she works as a load driver and that they were seeing each other for a while.

CONTINUATION OF COMPLAINT:
Constantino ESCUDERO-Perez

## STATEMENT OF MATERIAL WITNESS MEHRSHAD MAZAHERI:

MAZAHERI freely admitted to being a citizen and national of Iran illegally present in the United States. MAZAHERI stated that he had to leave his country of Iran because of fear of persecution because of his employment and his religious beliefs. MAZAHERI stated that he converted from Muslim to Baha'i. MAZAHERI left Iran approximately one month ago. MAZHERI stated that he made arrangements to be smuggled into the Untied States through a friend in Iran. He was instructed to deposit $25,000 USD into a bank account and then the smuggling process would begin. MAZAHERI was then driven from Tehran to the northern border of Iran by a smuggler. From there he was smuggled into Turkey, crossing through the hills. Once he was smuggled into Turkey he was driven to Istanbul. Prior to boarding the plane in Istanbul, MAZHERI was provided with a fake passport and boarding pass. MAZAHERI was instructed not to look at the name on the passport or boarding pass, just to present it. Another smuggler, whom MAZHERI described as European looking and Spanish speaking flew with him to Amsterdam. After a couple of hours delay they both flew into Mexico City. When they arrived in Mexico City the smuggler bought him a plane ticket to Tijuana Baja California, Mexico. He gave him instructions that once arriving in Tijuana someone was going to be there waiting and to pay them $7,500 USD. MAZHERI stated that the smuggler told him that the smuggler waiting for him in Tijuana would say his name so he would know it was the right man.

When MAZAHERI arrived in Tijuana there was an unknown man shouting his name. The unknown man took MAZAHERI to a load house in Tijuana. MAZAHERI stated that they kept him in the house for approximately 15 to 20 days without letting him leave or go outside. On August 22, 2008 the same man who took him to the load house picked him up and took him to Playas de Tijuana. When they arrived in Playas de Tijuana he met the defendant. MAZAHERI stated that the unknown man and the defendant talked for a while before he was introduced to him as his foot guide. The defendant handed him a wet suit and told him to wear it.

The defendant gave him instructions on what to do in the water and that he would guide him into the United States through the water. The defendant instructed him to stay in the water away from the shoreline and that it would take approximately two and a half hours to get to Imperial Beach. MAZAHERI stated that he told ESCUDERO that he did not know how to swim and did not feel comfortable getting in to the water. MAZAHERI stated that around 9:40 PM they got in the water and made their illegal entry into the United Stated and proceeded to swim north. MAZAHERI stated that he was very nervous and feared for his life while in the water. MAZAHERI stated that when ESCUDERO saw the Border Patrol vehicles approaching their location, ESCUDERO told him to run north. MAZAHERI stated that he was going to Los Angeles, California.

Executed on August 23, 2008, at 09:00 am.

Ilsa M. Struve
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on August 22, 2008, in violation of Title 8, United States Code, Section 1324.

Peter C. Lewis
United States Magistrate Judge

Aug. 23, 2008 @ 10:20 a.m.
Date/Time